# EXHIBIT A

20 C I 05904

1  Alex Hex
2  121 Harlan Ave.
   2
3  Louisville, KY 40214

JEFFERSON CIRCUIT COURT
DIVISION FIVE (5)

Civil Circuit Court

U.S. ~~DISTRICT COURT~~
Civil Court
~~DISTRICT~~ OF JEFFERSON COUNTY

| | |
|---|---|
| Mr. Alex Hex, Student at University of Louisville.<br><br>121 Harlan Ave.<br>#2<br>Louisville, KY 40214<br><br>Plaintiffs,<br><br>v.<br><br>University of Louisville<br>2301 S 3rd St,<br>Louisville, KY 40292<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR EQUITABLE DAMAGES, PUNITIVE DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:<br><br>Date Action filed:<br>Date set for trial: |

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK
OCT 13 2020
BY ___MB___
DEPUTY CLERK

## I. NATURE OF THE CASE

1. Plaintiff Mr. Alex Hex individually brings this action against the University of Louisville (UofL). For the disregard for his personal safety, gross negligence, the support of his domestic abuser and the violation of Title IX No. 92-318, 86 Stat. 235, codified at 20 U.S.C. §§ 1681–1688. he is seeking monetary relief for damages consisting of social, financial, physical, and mental losses.

## II. JURISDICTION and PARTIES

2. Defendant UofL is a public university with principal places of business in Louisville, Kentucky. All events giving rise to these incidents spanning March 2019 through July 2020 took place in Louisville, Kentucky. Therefore, jurisdiction of this court is proper.

## III. FACTUAL ALLEGATIONS

3. Defendant employed a one Mr. Sam Michael Larimer as senior parking officer from 2018 to 2019. The plaintiff was in a domestic relationship with this employee prior to their employment with the university.

4. Upon the alleged occurrence of sexual and violent acts against the Plaintiff occurring both on and off campus the defendant sought relief through UofL's grievance system and channels consisting of the University of Louisville Police Department (ULPD), the Human Resources (HR) department, The Legal Compliance Office, The Dean of Students, the on campus domestic violence prevention office, Title IX Attorney representing UofL, The President Bendapaudi and Vice President Beth Boehm of UofL. After exhausting all measures provided to the plaintiff without relief Mr. Hex perused a domestic violence order (DVO). It was only then that the university released Mr. Larimer from employment through voluntary resignation. This DVO was granted by Judge Webb of the family court division under a "preponderance of evidence that domestic violence had occurred on and off campus and would be likely to occur again."

5. The former employee in question has a lengthy and documented occurrence of domestic violence both while the plaintiff tried to seek relief and after obtaining the DVO. With a guilty plea to violation of the DVO and terroristic threats as of June sixteenth, 2020 with house arrest and domestic violence counseling as the applied reprimandation.

6. The plaintiff attempted to resolve these charges with the university in a good faith manner in February of 2020 via a demands letter charged to legal counsel of UofL. This demand was met with denial and resulted in hostile actions against the plaintiff Mr. Hex within the office

in which an employee harassed them and then called campus police and lied on camera recorded by Mr. Hex that they were on the other side of the room and not in fact near them and on the verge of physically touching the plaintiff who was there for a meeting. The plaintiff feels this was a coordinated effort to undermine any potential lawsuit to call their honesty and legitimacy into question. The plaintiff sat outside and patiently waited for campus police and explained the situation. After the officer in question got the legal departments side of things the plaintiff showed them the video to which to officer noted that the legal departments story did not match up with the video at all in which the plaintiff was polite and the woman working as an office assistant is seen running away from the plaintiff hitting the call police button and then crossing her arms and stating she was on that side of the room the whole interaction. A report was filed as a result of the video presented by Mr. Hex but no charges were made and no arrest was made.

7. As a result of the inaction and negligence by UofL the plaintiff is now diagnosed with Post Traumatic Stress Disorder (PTSD) by psychiatrists at UofL student Health as well as an outside UofL network Psychiatrist as well as had property damaged and physical harm done to them. This over a year long series of events has led to the loss of friendships and social standing as well as slight reduction in grade. Mr. Hex is an honor student and hopes to attend graduate school. However, having to pursue restraints against Mr. Larimer with an actively hostile and adversarial University backing them has had the affect of a slight reduction to GPA. Further, the plaintiff is now crippled with anxiety while driving around campus and within parking lots on campus. Further, the plaintiff no longer feels safe on campus and can no longer feel they can trust faculty and staff or that they have the plaintiff's best interest in mind.

8. In early September of 2019 upon being served his restraint Mr. Larimer was thrown a going away pizza party by the exact individuals the plaintiff had expressed concerns to chief

among them representatives from the HR department and the Parking services office were there to see him off. This was salt in the wound and shows a co-ordinated bias on part of UofL administration.

9.Further, the plaintiff was docked attendance grade for appearing at the mandatory court appearance against their abuser. The plaintiff went through the formal process of notifying the Dean of Students office. To which they documented the court appearance and notified the professor. This supposed formal process was not respected and Dr. Joy Hart the grievance officer was notified. After informing the plaintiff that she had spoken to HR members who under reasonable suspicion colluded to protect and cover up the violence of their now former employee stated that she will be siding automatically with the professor to deduct this attendance grade.

# IV. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Title IX Violations

10. Repeatedly failed to report sexual and violent assault upon the plaintiff and destroyed evidence as well as failure to adequately report the crimes in a formalized report in clear violation of the Clery Disclosure act.

11. Further, University of Louisville failed at diminishing potential harm through clear means such as desk duty or paid or unpaid leave while conducting their title IX investigations. Finally, the investigation was purposely slow over several months and only coincidentally concluded after plaintiff sought relief from the court in which was found in their favor. This lack of actions that could have easily prevented further harassment and violence was not even considered on part of the defendant. Further supporting the claims of biased support for the plaintiffs abuser over the safety concerns of the plaintiff.

## SECOND CAUSE OF ACTION

### Conspiracy to Conceal Evidence Ky. Rev. Stat.§ 506.040

12. the aforementioned UofL disposed of vital evidence with the assurances that it would be handed over to the Federal Bauru of Investigations (FBI) by one Detective William Brown who is now no longer working for UofL. The Internet Crimes Against Children (ICAC) division of the FBI followed up on this evidence when the plaintiff presented an evidence turn in slip.

13. The contents of this evidence included a storage device containing dubious images of children and animals in compromising sexual acts as well as chat logs discussing planned meet ups to have sexual intercourse with animals and children.

14. The detective William Brown instructed the plaintiff to destroy the evidence when the plaintiff called them to report and offer to turn in evidence. Stating "wipe the hard drive and back away" detective brown only begrudgingly accepted the storage device after persistent call to action on part of the plaintiff.

15. The detective further neglected to file a police report on both occasions one was requested. Once for the illicit images and on a separate occasion for an abuse incident involving the former employee in which the employee pushed the plaintiff out of a car and followed them.

16. Detective Brown further colluded with a one Mary Elizabeth Miles, who heads the HR department, after the plaintiff brought complaint to her in which Mary Elizabeth Miles informed the plaintiff that they would not restrict access to the plaintiffs personal information such as their home address to the employee charged with abuse within the parking database. After said meeting Detective Brown sent plaintiff vague threats via electronic messages that pursuant any further action would result in falsified charges against the plaintiff. This lack of restriction allowed the employee to send a man by the name of Matthew to the plaintiff's house to threaten them with a firearm on the behalf of the employee.

### THIRD CAUSE OF ACTION

#### Retaliation

17. Repeatedly the University of Louisville has demonstrated malice and malcontents in a adversarial pursuit against the plaintiff for whistle blowing activities. From denial of vital services such as honors advising. To requests to have the GEN 101 class waived in the plaintiff's Junior year. Preventing them from graduation for what amounts to not sleeping over in the dorms with students far under their age and taking a campus tour or learning how to do basic features of college the plaintiff already knows. To more malicious targeting such as parking tickets when

visiting the PEACC anti-sexual assault and violence center. Or refusing to administer fairly applied policy in the matters of grievances by Dr. Joy Hart. The university has placed roadblock after roadblock in an attempt to exhaust the plaintiff into either quitting or no longer pursuing options available to them. Some of these roadblocks directly affecting their success as a student.

## FOURTH CAUSE OF ACTION

### Willful Infliction of Mental Anguish

18. As stated before the persistent inaction and retaliation on part of the university of Louisville and the Plaintiffs need to defend themselves and in pursuit of justice has caused the plaintiff social ties and a great deal of mental suffering. The plaintiff now has PTSD in parking lots around campus and after denial of service from advising and loss of points for a court appearance this lack of support and malicious application of overzealous policy to close out the student and treat them unfairly has led to suicidal thoughts and documented dysthymia. With the student having attempted suicide due to the overwhelming lack of support by the university.

### Punitive Damages

19. The conduct of Defendants described above is outrageous. Defendants' conduct demonstrates a reckless disregard for human life and a conscious disregard for public safety. The acts and omissions described above were willful and performed with actual or implied malice. Punitive and exemplary damages are therefore appropriate and should be imposed in this instance.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for a judgment against Defendants for:

1. Injunctive and equitable relief as the Court deems appropriate including:

Requiring Defendant to expand its peacc center operations;

Requiring Defendant establish a fund for abuse survivors;

Compelling Defendant UofL to conduct an internal investigation and make necessary administrative reprimadations as needed.

2. Compensatory damages to be paid by all Defendants, according to proof at trial;

3. Punitive damages as the court deems appropriate; with a recommendation of $5 million as a structured settlement, so that the plaintiff may afford recoup damages of physical, social, mental losses. This would allow the plaintiff to afford mental healthcare outside of UofL Health and pursue other educational environments.

4. Costs and attorneys' fees of this lawsuit, with interest;

5. Any other relief as the court deems appropriate.

Dated: September 24, 2020                   ALEX HEX

_____
Plaintiff Alex Hex

U.S. ~~DISTRICT~~ Civil COURT

Jefferson County Kentucky

| | |
|---|---|
| Alex Hex | Case No.: |
| Plaintiffs, | **PLAINTIFFS REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |
| v. | |
| University of Louisville | Judge: |
| Defendants. | Date Action filed:<br>Date set for trial: |

**ASKING PARTY:**     Plaintiff Alex Hex

**ANSWERING PARTY:**     University of Louisville

**SET NUMBER ONE**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs MR. ALEX HEX, and the city and county of Louisville residing in Jefferson County request that Defendant University of Louisville identify, produce, and permit the inspection and copying or photographing, by or on behalf of said party, of the following documents, papers, books, photographs, objects, or tangible things at or before 5:00 p.m. at the following address:

**Alex Hex**
**121 Harlan Ave**
**2**
**Louisville, KY 40214**

### INSTRUCTIONS

1. These requests require the production of all responsive documents within the sole or joint possession, custody or control of the Defendant, including their agents, departments,

attorneys, directors, officers, employees, consultants, investigators, insurance companies, or other persons subject to Defendant's custody or control.

2. All documents that respond, in whole or in part, to any portion of these Requests must be produced in their entirety, including all attachments and enclosures.

3. For purposes of these requests, the words used are considered to have, or should be understood to have their ordinary, everyday meanings. Plaintiffs refer Defendant to any dictionary in the event that Defendant asserts that the wording of a request is vague, ambiguous, unintelligible, or confusing.

## DEFINITIONS

4. The words "and," "or," "each," "any," "all," "refer," and "discuss," shall be construed in their broadest form and the singular shall include the plural and the plural shall include the singular whenever necessary so as to bring within the scope of these Requests all documents (defined below) that might otherwise be construed to be outside their scope.

5. Solely for the purpose of the TREC 2007 legal track, the term "Defendant" shall include the named defendant companies in this complaint as well as all other companies whose records are found in the TREC collection database.

6. Solely for the purpose of the TREC 2007 legal track, "document" means all data, information or writings stored in the TREC legal database, including, without limitation: any written, electronic or computerized files, data or software; memoranda, emails correspondence, OCR scanned images, communications, reports, summaries, studies, analyses, evaluations, notes or notebooks, indices, spreadsheets, logs, books, pamphlets, binders, calendar or diary entries, ledger entries, press clippings, graphs, tables, charts, printouts, drawings, maps, meeting minutes, and transcripts. The term document

encompasses all metadata associated with the document. The term also includes all drafts associated with any particular document. The term is also intended to include all electronically stored information as the term is used in the Federal Rules of Civil Procedure,

7. The terms "relating to," "regarding," 'discussing," or "concerning," shall be synonymous and should be taken to mean in whole or in part constituting, containing, concerning, discussing, describing, analyzing, identifying or stating.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4 [TOPIC 55]:**

Please produce any and all documents concerning the meeting notes between Mr. Hex and Vice President Beth Boehm and her chief of staff Wade.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6 [TOPIC 57]:**

Please produce any and all documents that discuss Sam Larimer

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7 [TOPIC 58]:**

Please produce any and all documents that discuss any administrative action taken and any investigation through both legal compliance department and both the former and interim Title IX attorney representing the university of Louisville.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9 [TOPIC 60]:**

Please produce all police records involving both Sam Larimer and plaintiff Alex Hex from ULPD archives.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10 [TOPIC 61]:**

Please produce the copy of the evidence turn in slip for a single USB drive from the ULPD.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12 [TOPIC 63]:**

Please produce any and all documents that specifically discuss human resources documents in regard to the plaintiff Mr. Hex and Sam Larimer.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16 [TOPIC 67]:**

Please produce any internal notes video or audio recordings from University of Louisville Legal Department as well as the resulting incident report and it's remarks by the ULPD.

Dated: September 24, 2020                                            Alex Hex

1
2       _____
        Alex Hex
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28